UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SAMUEL KIRIAZIS,** | : | Case No. 1:05cv2227 |
| | : | |
| Petitioner, | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | <u>ORDER</u> |
| **VINCENT POLITO,** | : | |
| | : | |
| Respondent. | : | |

Samuel Kiriazis has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. §2254, in which he challenges the constitutional sufficiency of his conviction for operation of a brothel and possession of criminal tools. As a result of his conviction, Kiriazis was placed on six months community control sanctions, which were eventually terminated on October 25, 2005. Kiriazis filed the present habeas petition on September 21, 2005, one month <u>before</u> his community control sanctions were terminated. Respondent filed a Return of Writ (Dkt. No. 7), asking, *inter alia*, that the Court dismiss Kiriazis' petition on jurisdictional grounds because Kiriazis is not currently "in custody" as required by 28 U.S.C. § 2241(c).

Kiriazis' petition was referred to a magistrate judge of this Court, pursuant to 28 U.S.C. §636 and Local Rule 72.2(b)(2). The magistrate judge issued an Interim Report and Recommendation ("R&R") (Dkt. No. 11) addressing only Respondent's jurisdictional argument. In the R&R, the magistrate addressed three issues: (1) whether the termination of the community control sanctions, <u>after</u> Kiraizis filed his habeas petition, deprives the Court of jurisdiction; (2) whether community

control sanctions under Ohio law constitute "custody" for purposes of federal habeas corpus; and (3) whether the termination of the community control sanctions rendered the case moot.

As to the first issue, the magistrate found that the custody requirement for federal jurisdiction is determined at the time the habeas petition is filed, and that jurisdiction is not defeated by the release of the petitioner prior to completion of the proceedings. *See Cafafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Eusch v. Lee*, 690 F.Supp. 773, 774 (E.D. Wis. 1988). Because Kiriazis filed his petition during the pendency of his community control sanctions, the magistrate concluded the Court has jurisdiction if those sanctions constitute "custody."

As to the question of whether community control sanctions under Ohio law constitute "custody," the magistrate looked to Ohio case law explaining that community control sanctions are the equivalent of probationary restrictions. *State v. Wolfson*, 2004 WL 1178724, *2 (Ohio Ct. App. May 25, 2004). Because persons on probation have been held to be "in custody" for purposes of federal habeas law, *McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir. 1989), the magistrate concluded that Kiriazis was "in custody" at the time he filed his habeas petition.

Finally, the magistrate addressed whether the termination of Kiriazis' community control sanctions rendered this case moot. The magistrate judge determined that the case was not moot because, although Kiriazis is no longer subject to the imposed sanctions, possible adverse collateral consequences flow from his conviction. *See, e.g., Oyler v. Allenbrand*, 23 F.3d 292, 294 (10th Cir. 1994).

The R&R was issued on April 24, 2006, and no objections were filed. Because the Court agrees with the well-reasoned conclusions of the magistrate, upon its own de novo review, no further articulation of its reasoning is required. *Tuggle v. Seabold*, 806 F.2d 87, 92-93 (6th Cir. 1986).

Accordingly, the magistrate judge's R&R is **ADOPTED**, and the Respondent's request to dismiss this case on jurisdictional grounds is **DENIED**. Further, as the Respondent has agreed to do and the magistrate has recommended, Respondent is hereby **ORDERED** to file a complete transcript of Petitioner's underlying state criminal proceedings involving (1) his conviction of operating a brothel and possession of criminal tools and (2) any direct or collateral review of his conviction. Petitioner shall have sixty (60) days from the date Respondent files the transcript in which to file a supplemental traverse for this Court's consideration.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: June 7, 2006**