UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL KIRIAZIS, | ) | Case No. 1:05CV2227 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN O'MALLEY |
| | ) | Magistrate Judge George J. Limbert |
| vs. | ) | |
| | ) | |
| VINCENT POLITO, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

This matter is before the Court on a petition filed pursuant to 28 U.S.C. § 2254 for a writ of federal habeas corpus filed by Samuel Kiriazis ("Petitioner"). ECF Dkt. #1. For the following reasons, the undersigned recommends that this Court DISMISS the instant petition for writ of habeas corpus with prejudice.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Eighth District Court of Appeals of Ohio set forth the facts of this case on direct appeal and they were reiterated at length in the Interim Report and Recommendation filed on April 24, 2006. *See* ECF Dkt. #11; *State v. Kiriazis*, 2004-Ohio-502, ¶ 2-7, 2004 Ohio App. LEXIS 471 (Ohio Ct. App. Feb. 5, 2004).

On February 5, 2004, the Eighth District Court of Appeals affirmed Petitioner's conviction and sentence. *Kiriazis*, 2004-Ohio-502 at ¶ 1. On June 23, 2004, the Ohio Supreme Court declined to accept Petitioner's direct appeal for review. *State v. Kiriazis*, 2004-Ohio-3069, 102 Ohio St. 3d 1485 (Ohio 2004).

On September 21, 2005, Petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner raised the following Ground for Relief,

> [Petitioner] was denied his right to due process when the trial court found him guilty of offenses for which he was indicted, as revealed by the State's bill of particulars, when the offense conduct was the subject of the indictment was not supported by sufficient evidence.

ECF Dkt. #1 at 4. On February 7, 2006, Vincent Polito ("Respondent") filed an answer/return of writ. ECF Dkt. #7. On April 12, 2006, Petitioner filed a traverse. ECF Dkt. #10. On April 24, 2006, the undersigned filed an interim report and recommendation in which there was a recommendation to deny Respondent's request to dismiss the case on jurisdictional grounds. ECF Dkt. #11. On May 7, 2006, the District Court adopted the interim report and recommendation of the undersigned, denying Respondent's request to dismiss the case on jurisdictional grounds and finding that Petitioner was in custody for purposes of habeas review. ECF Dkt. #12. On September 6, 2006, pursuant to the Court's Order, Respondent filed the complete transcript. ECF Dkt. #13. Thereafter, on November 20, 2006, Petitioner filed a supplemental traverse. ECF Dkt. #14.

## II. STANDARD OF REVIEW

Since Petitioner filed his habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), standards apply. *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

When a habeas petitioner overcomes the procedural obstacles of time limitation, exhaustion and procedural default, the AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody

> pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> > (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, federal courts may only grant the petitioner's writ if the state court's decision contradicts Supreme Court precedent on a question of law or if, in a case with facts materially indistinguishable from a Supreme Court case previously decided, the state court reaches an outcome different from that required by the Supreme Court's decision. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The "unreasonable application" clause permits a federal court to grant habeas relief only if the state court applies a correct legal principle to the facts of the case in an objectively unreasonable manner. *Id*. at 411. The Supreme Court has cautioned that a "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.; see also Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001).

### III. ANALYSIS

In this case, Petitioner argues that there was insufficient evidence to convict him of either of the two offenses for which he was indicted. ECF Dkt. #10 at 4.

Under the Notice Clause of the Sixth Amendment, a criminal defendant has the right "to be informed of the nature and cause of the accusation" against him. U.S. Const. amend VI.

-3-

Under the Indictment Clause of the Fifth Amendment a defendant can only be charged with those charges brought before the grand jury. U.S. Const. amend. V. An indictment satisfies these constitutional requirements "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 41 L. Ed. 2d 590, 94 S. Ct. 2887 (1974); *Allen v. United States*, 867 F.2d 969, 971 (6th Cir. 1989); *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000). The Sixth Circuit has stated that "to be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime." *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992). "Courts utilize a common sense construction in determining whether an indictment sufficiently informs a defendant of an offense." *Allen,* 867 F.2d at 971; *United States v. Wilson*, 1999 U.S. App. LEXIS 743, 21-22 (6th Cir. 1999); *Maney*, 226 F.3d at 663. A certain degree of inexactitude of averments, where they relate to matters other than elements of the offense, is not per se impermissible or necessarily fatal to a prosecution. *State v. Sellards*, 17 Ohio St. 3d 169, 171 (Ohio 1985); *State v. Hensley*, 59 Ohio St.3d 136 (Ohio 1991) (quoting *Sellards*).

In this case, the bill of particulars indicated that Petitioner's offense occurred at West 95th Street in Cleveland. *State v. Kiriazis*, 2004-Ohio-502, at ¶ 8, 2004 Ohio App. LEXIS 471; ECF Dkt. #7 at 12. The state appellate court found that Petitioner was not misled or prejudiced by the failure to include West 25th Street as an additional place of Petitioner's offense in the bill of particulars. *Kiriazis*, 2004-Ohio-502 at ¶ 9. The State Court reasoned that the purpose of the

bill of particulars is not to serve as a substitute for discovery. *Id.* Further, the State Court concluded that any rational trier of fact could have found that Petitioner operated a brothel out of both the West 25th and West 95th locations through the use of notebooks and a cell phone. *Kiriazis*, 2004-Ohio-502, at ¶ 21; ECF Dkt. #7 at 13.

The evidence at trial showed that Petitioner arranged for customers to meet with females who charge $150 per hour for "full service" which meant oral sex or sexual intercourse. ECF Dkt. #13 at 13 ("Trial Transcript"). Detective John Graves testified that he called Petitioner on his cell phone and Petitioner arranged for Graves to meet him and a female at West 25th Street for sex. Trial Transcript at 12-14. Even though the purchase never materialized, Detective Graves testified that Petitioner's explanation that "it was $150 for an hour, it was full service, with no hidden costs" meant, in his experience, oral sex or sexual intercourse. Trial Transcript at 13. Detective Graves then testified that a second call was placed to Petitioner at the same cell phone number and Petitioner arranged for the officer to meet a female at West 95th Street for sex. Trial Transcript at 16-18; 72. At West 95th Street Detective Neil Hutchinson wore a wire and went inside to meet the female. Trial Transcript at 18; 76-78. The female, Jennine Tomazic, admitted to making $100 a day for sexual activity with clients. Trial Transcript at 79. Also, Tomazic explained that she gives a $50 cut to Petitioner for all clients that were arranged by Petitioner. Trial Transcript at 79. In addition, Detective Graves testified that another male exiting the West 95th Street location was there to get high and receive oral sex. Trial Transcript at 31-33.

Detective Graves testified that Petitioner was arrested at the West 25th Street location and on the table in the residence were found a cell phone, some books with females' body figures

and phone numbers, and also some books the names and telephone numbers of customers with meeting dates and locations. Trial Transcript at 21-22, 25-27, 28-29. Moreover, Petitioner admitted taking a $50 cut for each arranged meeting, that he had been doing this for months and that he knew the females were having sex. Trial Transcript at 32-34.

Based on this overwhelming evidence to support the particular charges at the West 95th Street address, the undersigned cannot conclude that the State Court's decision was an unreasonable application of clearly established federal law or that the decision was unreasonable in light of the facts presented. *See, e.g., United States v. Wilson*, 1999 U.S. App. LEXIS 743, 21-22 (6th Cir. 1999) (finding that an indictment alleging "in Perry County and other counties" was not insufficient for failing to specifically list the county where defendant lived and sold cocaine).

Accordingly, the undersigned recommends that the Court find that the State Appellate Court's decision was not an unreasonable application of clearly established federal law or that the decision was unreasonable in light of the facts presented.

## IV.  CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Court DENY with prejudice Petitioner's petition for a writ of habeas corpus. ECF Dkt. #1.

Date: December 22, 2006                                    */s/George J. Limbert*
                                                           George J. Limbert
                                                           United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).